IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-244-FL

| | |
|---|---|
| MICHAEL L. MOORE,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL MORGAN, ANDREW WHITLEY, MELISSA BISETTE, ROBERT EVANS, BROCK & SCOTT, PLLC, SUSAN FARFOUR, THE CARDINAL GROUP, and WELLS FARGO BANK OF WILSON, NC,<br><br>Defendants. | **ORDER and**<br>**MEMORANDUM &**<br>**RECOMMENDATION** |

This pro se case is before the court on the application [DE #1] by Plaintiff Michael L. Moore to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1) and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), the matter having been referred to the undersigned by the Honorable Louise W. Flanagan, United States District Judge. For the reasons set forth below, Plaintiff's application to proceed in forma pauperis is allowed, and it is recommended that Plaintiff's claims be dismissed.

## BACKGROUND

Plaintiff Michael L. Moore, identifying himself as a Moorish American National and proceeding "In Propria Persona Sui Juris," instituted this action on May 10, 2016, upon filing his IFP application and proposed complaint. Plaintiff named Michael Morgan, Andrew Whitley, Melissa Bisette, Robert Evans, and Brock & Scott, PLLC, as defendants. Although not specifically identified as such in Plaintiff's complaint, it

appears that Defendant Morgan is a North Carolina Superior Court Judge; Defendant Whitley is the Clerk of Superior Court for Wilson County, North Carolina; and Robert Evans is the District Attorney for the 7A Judicial District, which is comprised of Edgecombe, Nash and Wilson Counties. *See* N.C. Courts Judicial Directory, http://www1.aoc.state.nc.us/juddir/employee/search/public/init.do (last visited Sept. 1, 2016). Defendant Brock & Scott, PLLC, is a professional limited liability company engaged in the practice of law in the State of North Carolina. *See* N.C. Sec'y of State Corporations Division, https://www.sosnc.gov/Search/filings/4707320 (last visited Sept. 1, 2016).[1] On May 25, 2016, Plaintiff filed a document entitled "Proposed Amended Complaint," which the undersigned construes as a supplement to Plaintiff's original, proposed complaint. In this supplement, Plaintiff names as additional defendants Susan K. Farfour, The Cardinal Group, and Wells Fargo Bank of Wilson, NC. Defendant Farfour appears to be the broker in charge of The Cardinal Group, a real estate agency in Goldsboro, North Carolina. *See* N.C. Real Estate Comm'n, http://www.membersbase.com/ncrec/oecgi3.exe/O4W_WRAPPER?ID=O4W_LIC_SHOW_DETAIL_NEW&LIC_NO=189483 (last visited Sept. 1, 2016).

The gist of Plaintiff's complaint seems to be the foreclosure of a home inherited by him from his parents. Plaintiff complains of three Deputy Sheriffs entering his home and depriving him of his "divine birthrights, substantive rights, unalienable and inalterable human rights," threatening his life and removing him from his home. (Prop.

---

[1] Although believed to be an Assistant Clerk of Superior Court for Wilson County, North Carolina, the undersigned has not been able to determine with any reasonable certainty the identity of Defendant Melissa Bisette.

Compl. [1-1] at 3.) Plaintiff alleges that his father, at the age of 82 and suffering from signs of dementia "could not see that he was putting himself into something that time would not permit" and that "those with enmity in their heart[s] took advantage of this elderly man with intent to take away from him all that he and his family ever had." (Prop. Compl. at 2.) He asks the court to "lawfully remove the judgement [sic] that has been put upon my name and property and forever now release me from the judgement [sic] of the administrative decision given by Mr. Michael Morgan." (Notice of Contest [DE #1-2] at 2.)

## DISCUSSION

### I. IFP Application

The standard for determining *in forma pauperis* status is whether "one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). Based on the information contained in Plaintiff's affidavit, the court finds that Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. Thus, Plaintiff's application to proceed *in forma pauperis* is allowed.

### II. Frivolity Review

Notwithstanding a plaintiff's eligibility to proceed *in forma pauperis*, the court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim on which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston*

3

*County*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Pro se complaints are entitled to a more liberal treatment than pleadings drafted by lawyers. *See White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989). However, the court is not required to accept a pro se plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The court must read the complaint carefully to determine if the plaintiff has alleged specific facts sufficient to support his claims. *White*, 886 F.2d at 724.

Rule 8 of the *Federal Rules of Civil Procedure* requires a complaint to give a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The statement must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A plaintiff must offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001); *see also White*, 886 F.2d at 723 (affirming district court's dismissal of plaintiff's suit as frivolous where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). While the court must read the complaint carefully to determine if the plaintiff has alleged specific facts sufficient to support his claims, *White*, 886 F.2d at 724, the court is not required to act as the pro se plaintiff's advocate or to parse through volumes of documents or discursive arguments in an attempt to

4

discern the plaintiff's unexpressed intent, *Williams v. Ozmint*, 716 F.3d 801, 803 (4th Cir. 2013).

Moreover, Rule 12 of the Federal Rules of Civil Procedure requires a court to dismiss an action over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless the plaintiff demonstrates that subject matter jurisdiction exists. *Id.* at 760. Jurisdiction exists only where a federal question is presented, 28 U.S.C. § 1331, or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.

Plaintiff asserts jurisdiction based upon his receipt of Supplemental Security Income (SSI) and as a "Citizen of Moorish American Government." (Prop. Compl. at 2.) He also cites 18 U.S.C. §§ 241, 242, the North Carolina Constitution, the "Constitution of the American Republic" and diversity of citizenship as bases for this court's jurisdiction. (Supp. Prop. Compl. [DE #4] at 2.)

Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction based upon the *Rooker-Feldman* doctrine. "The doctrine, named for two Supreme Court cases, stands for the proposition that 'lower federal courts lack jurisdiction to engage in appellate review of state-court determinations.'" *El v. Cir. Ct. of Tenth Jud. Cir.*, 132 F. Supp. 3d 1024, 1030 (C.D. Ill. 2015) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 21

5

(1987) (Brennan, J., concurring)). "[J]urisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997).

Although not a model of clarity, Plaintiff's complaint, as amended, appears to challenge foreclosure proceedings conducted in the North Carolina courts. Such claims are solely within the province of the North Carolina courts and the United States Supreme Court. This court is without jurisdiction to review the judicial actions of the North Carolina courts or to remove any judgment "put upon [Plaintiff] and [his] property" or to release Plaintiff from any judgment imposed by the North Carolina courts.

To the extent Plaintiff seeks to assert any claims independent of the foreclosure proceedings, whether pursuant to 18 U.S.C. §§ 241, 242 or otherwise, Plaintiff has failed to plausibly allege a basis of federal jurisdiction or a cognizable claim against any of the defendants. Plaintiff's claims lack an arguable basis in either law or in fact and should, therefore, be dismissed as frivolous.

## CONCLUSION

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* is ALLOWED, and it is RECOMMENDED that Plaintiff's claims be DISMISSED for lack of subject matter jurisdiction.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. Plaintiff is hereby advised as follows:

You shall have until **September 23, 2016**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins,* 766 F.2d 841, 846-47 (4th Cir. 1985).

This 6th day of September 2016.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge