IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CV-244-FL

| | | |
|---|---|---|
| MICHAEL L. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL MORGAN, ANDREW | ) | |
| WHITLEY, MELISSA BISETTE, ROBERT | ) | |
| EVANS, BROCK & SCOTT, PLLC, SUSAN | ) | |
| FARFOUR, THE CARDINAL GROUP and | ) | |
| WELLS FARGO BANK OF WILSON, NC, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on frivolity review of plaintiff's pro se complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Kimberly A. Swank entered a memorandum and recommendation ("M&R"), wherein it is recommended that the court dismiss plaintiff's complaint for lack of subject matter jurisdiction. Plaintiff timely filed objections to the M&R (DE 16), and defendants did not file a response. In this posture, the issues raised are ripe for ruling. For the reasons stated herein, the court adopts the M&R as its own and dismisses plaintiff's claims.

## BACKGROUND

In this action plaintiff alleges injuries arising out of a state court proceeding concerning a home plaintiff allegedly inherited from his parents. Defendants were involved in the state court foreclosure proceedings. Plaintiff alleges that the state court proceedings violated his "divine birthrights, substantive rights, unalienable and inalterable human rights." (DE 1-1). Plaintiff aks

the court to "lawfully remove the judgment [sic] that has been put upon [his] name and property . . . and release [him] from the judgment [sic] of the administrative decision given by Mr. Michael Morgan." (DE 1-2).

On May 10, 2016, plaintiff commenced this action against defendants by moving to proceed in forma pauperis ("IFP"). (DE 1). On September 9, 2016, the magistrate judge granted plaintiff's IFP petition and issued the M&R, recommending that plaintiff's complaint be dismissed for lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine. To the extent that any of plaintiff's claims are not barred by that doctrine, the M&R recommends that plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted.

On September 21, 2016, plaintiff filed an objection to the M&R. (DE 16). Most of the objections raised center on the M&R's treatment of the state courts' subject matter jurisdiction.

**DISCUSSION**

A. Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint may be found frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Additionally, a complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," sufficient to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). In evaluating whether a claim has been stated, "[the] court accepts all well-pled facts as true and construes those facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement [,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B. Analysis

Plaintiff objects primarily to the M&R's recommendation that his complaint be dismissed for lack of subject matter jurisdiction. As set out in the M&R, the Rooker-Feldman doctrine bars plaintiff from seeking redress for an injury allegedly caused by the state courts' decisions. To the extent any of plaintiff's claims are not barred by Rooker-Feldman, the M&R properly concludes that those claims should be barred for failure to state a claim upon which relief may be granted.

The additional objections raised by plaintiff are general and reiterate, in conclusory terms, his grievances with various parties. (See e.g. DE 16) ("These public servants have deliberately knowing the law and swearing the oath to uphold the Constitution for the U.S. Republic [a]llowed my [e]state

to be stolen."). Since these objections are general and conclusory, the court reviews only for clear error and need not give any explanation for adopting the M&R. See Diamond, 416 F.3d at 315.

Upon careful review of the M&R, the court adopts and incorporates herein the M&R's analysis as it pertains to plaintiff's objections concerning subject matter jurisdiction. See 28 U.S.C. § 636(b)(1). As for those objections not concerning subject matter jurisdiction, the court finds no clear error in the recommendations of the magistrate judge as to any of the defendants. Accordingly, the court dismisses this case.

**CONCLUSION**

Based on the foregoing, upon de novo review of those portions of the M&R to which objections were raised, and upon considered review of the remaining portions of the M&R, the court ADOPTS the recommendation of the magistrate judge (DE 14). The court DISMISSES plaintiff's claims as asserted in the complaint for the reasons stated herein and in the M&R, upon frivolity review. Accordingly, the action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B). The clerk is DIRECTED to close this case.

SO ORDERED, this the 26th day of September, 2016.

LOUISE W. FLANAGAN
United States District Judge